**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM R. SHEPPARD | |
| Appellant | No. 1545 EDA 2015 |

Appeal from the PCRA Order April 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1111131-1976

BEFORE:  MUNDY, J., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:               **FILED March 21, 2016**

Appellant, William R. Sheppard, appeals *pro se* from the April 28, 2015 order, dismissing as untimely, his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we reverse the PCRA court's order, vacate the judgment of sentence, and remand for resentencing.

On October 6, 1977, the trial court imposed a mandatory, aggregate sentence of life imprisonment without the possibility of parole, after Appellant was found guilty of one count each of first-degree murder and possession of an instrument of a crime.[1]  The parties agree that Appellant

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(a) and 907(a), respectively.

was under 18 years of age at the time of the offense. Appellant's Brief at 2; Commonwealth's Brief at 7. This Court affirmed Appellant's judgment of sentence on September 7, 1979, and our Supreme Court denied Appellant's petition for allowance of appeal on February 4, 1980. *Commonwealth v. Shepherd*, 409 A.2d 894 (Pa. Super. 1979).[2] As Appellant did not seek a writ of *certiorari* from the United States Supreme Court, his judgment of sentence became final in 1980 when the period for filing a *certiorari* petition expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). Appellant filed petitions for post-conviction relief in 1980, 1986, 1992, 1997, and 2006, none of which garnered him any relief. Appellant filed the instant petition on July 2, 2010; as a result, it was facially untimely. *See id.* § 9545(b)(1) (stating, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[]"). Relevant to this appeal, Appellant amended his PCRA petition on July 26, 2012 to include a claim based on the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

_____

[2] We note that Appellant's last name is spelled differently in our opinion from his direct appeal. We further observe that a table citation is not available for our Supreme Court's denial of his *allocatur* petition on direct appeal.

Instantly, Appellant argues on appeal that his petition is timely under the new constitutional right exception at Section 9545(b)(1)(iii) because *Miller* applies retroactively to cases on collateral review. Appellant's Brief at 4. In *Miller*, the Supreme Court held the Cruel and Unusual Punishment Clause of the Federal Constitution forbids the imposition of a mandatory sentence of life imprisonment without the possibility of parole upon a minor, even for a homicide. *Miller*, *supra* at 2460. On January 25, 2016, the Supreme Court decided *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), which concluded that *Miller* is to be applied retroactively to cases on state collateral review.[3] *Montgomery*, *supra* at 736.

Given that Appellant is correct that *Miller* is retroactive to cases on collateral review, we now address whether we may afford him a remedy at this juncture. The Commonwealth argues that Appellant may not seek a remand even if *Miller* were retroactive based on the text of Section 9545(b)(1)(iii) and our Supreme Court's decision in *Commonwealth v. Abdul-Salaam*, 812 A.2d 497 (Pa. 2002). Commonwealth's Brief at 7-8 n.2.

Section 9545(b)(1)(iii) permits an exception to the PCRA time-bar when the petition in question alleges and proves "the right asserted is a constitutional right that was recognized by the Supreme Court of the United

---

[3] Appellant's "Motion for Leave to Submit Supplemental Notice of Authority" is hereby granted.

States or the Supreme Court of Pennsylvania after the time period provided in this section and **has been held** by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii) (emphasis added). In **Abdul-Salaam**, our Supreme Court held that the General Assembly's use of the past tense in the phrase "has been held" in Section 9545(b)(1)(iii) means that the applicable "retroactivity determination must exist at the time that the petition is filed." **Abdul-Salaam**, **supra** at 502. As noted above, Appellant's petition was initially filed on July 2, 2010 and amended to include **Miller** on July 26, 2012, but **Montgomery** was not decided until January 25, 2016.

However, on February 9, 2016, this Court examined **Abdul-Salaam** and held that "[t]he date of the **Montgomery** decision (January 25, 2016, as revised on January 27, 2016) will control for purposes of the 60-day rule in Section 9545(b)(2)." **Commonwealth v. Secreti**, --- A.3d ---, 2016 WL 513341, at *6 (Pa. Super. 2016). The Court explained that this was necessary to "harmonize the PCRA requirements with **Montgomery**, **Miller**, and **Abdul-Salaam** and simultaneously achieve the justice this law was designed to promote." **Id.** at *5. Therefore, consistent with **Secreti**, Appellant's petition was timely and **Miller** does apply to his case. Furthermore, as noted above, Appellant was given a mandatory sentence of life imprisonment without the possibility of parole, and the Commonwealth acknowledges that Appellant was a minor at the time of the offense. Appellant's Brief at 2; Commonwealth's Brief at 7. As a result, Appellant is

entitled to resentencing, consistent with **Montgomery**, **Miller**, and **Commonwealth v. Batts**, 66 A.3d 286 (Pa. 2013).[4]

Based on the foregoing, we conclude Appellant's PCRA petition was timely filed and he is entitled to resentencing, in light of **Miller**, **Montgomery** and **Secreti**.[5] Accordingly, the PCRA court's April 28, 2015 order is reversed, the October 6, 1977 judgment of sentence is vacated, and the case is remanded for resentencing, consistent with this memorandum.

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Motion for leave to submit supplemental authority granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016

---

[4] We note that the General Assembly passed Section 1102.1 in October 2012 to address **Miller**, which provides new mandatory minimum sentences for juveniles convicted of first-degree murder. However, Section 1102.1's text limits its application to those "convicted after June 24, 2012[.]" 18 Pa.C.S.A. § 1102.1(a), (c).

[5] On remand, the PCRA court shall appoint counsel for Appellant, as it is axiomatic that sentencing is a critical stage of a criminal proceeding, requiring counsel. **See generally Commonwealth v. Phillips**, 93 A.3d 847, 854 (Pa. Super. 2014) (citation omitted).